Matthew N. Evans (USB # 7051)
Eric G. Benson (USB # 10414)
Z. Ryan Pahnke (USB # 11146)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile: (801) 532-7543
Email: mevans@rqn.com
        ebenson@rqn.com
        rpahnke@rqn.com

*Attorneys for Plaintiff, NorthStar Alarm Services, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DIVISION, UTAH**

| | |
|---|---|
| NORTHSTAR ALARM SERVICES, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> ALDER HOME PROTECTION, doing business as ALDER HOLDINGS, LLC, a Utah Limited Liability Corporation. <br><br> Defendant. | **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT** <br><br><br><br> Case No. 2:17-cv-1097-DN <br><br> Judge David Nuffer |

NorthStar Alarm Services, LLC ("NorthStar"), by and through undersigned counsel, hereby submits this Opposition to Defendant's Motion to Dismiss Amended Complaint.  (Dkt. No. 11).

**DISCUSSION**

As an initial matter, Alder's Motion to Dismiss (the "Motion") bears little resemblance to a properly-styled motion to dismiss.  Indeed, the Motion concedes that NorthStar has properly

pled every single one of its claims, yet asks the Court to "dismiss all portions of NorthStar's claims other than the 48 specific customers that NorthStar has disclosed." (Motion at p. 7.) Alder's Motion is, in actuality, a thinly veiled attempt to limit discovery and/or damages masquerading as a motion to dismiss for failure to state claims.  *See Arnold v. McClain*, 926 F.2d 963, 965 (10th Cir. 1991) (noting that a motion to dismiss is proper only where it clearly "appears beyond doubt that the plaintiff cannot prove any set of facts in support of [its] claim entitling [it] to relief.")  Accordingly, the Motion should be denied on that basis alone.  However, even if Alder's Motion is deemed proper as a threshold matter, its arguments about the sufficiency of the allegations in NorthStar's complaint are nonetheless misguided as Federal Rule of Civil Procedure 9(b) does not govern the claims as pled by NorthStar.  And even if Rule 9(b) were held to apply, NorthStar has sufficiently pled its claims against Alder in any case.

**I.      Rule 9(b) Does Not Apply to NorthStar's Allegations.**

Alder's Motion presupposes that Federal Rule of Civil Procedure 9(b) applies to each of NorthStar's claims through the creative assertion that NorthStar's claims generally "sound in fraud." [Def. Mot. at 7.].  However, Rule 9(b) states, "[i]n alleging *fraud or mistake*, a party must state with particularity the circumstances constituting fraud or mistake." (Emphasis added).  In its Amended Complaint, NorthStar has not brought a claim for fraud or mistake against Alder. Nonetheless, Alder mischaracterizes the nature of NorthStar's claims, trying to limit the case to a small subset of actions of Alder's sales representatives.  NorthStar's Amended Complaint, however, alleges much more by alleging a pattern of activity by Alder—through its sales representatives over a long period of time and through the United States—of engaging in deceptive sales practices targeted at NorthStar customers.  NorthStar has been damaged as a

result of Alder's actionable conduct, and NorthStar is entitled to conduct discovery to uncover the full extent of Alder's tortious conduct, which information is entirely in Alder's possession.

Alder's Motion cites non-binding case law to support its broad, sweeping theory that every claim which "sounds in fraud" must adhere to the particularity requirements of Rule 9(b). Contrary to Defendant's position in its Motion, courts in this district have not held that the claims NorthStar alleges in its Amended Complaint must necessarily meet Rule 9(b) standards. For example, in *Whitaker v. W. Essentials, LLC*, Judge Campbell specifically noted, "It is unclear if a claim under the Lanham Act, 15 U.S.C. § 1125(a) (2012)—which is the basis for one of Mr. Whitaker's two unfair competition claims—must meet the Rule 9(b) heightened pleading standard." No. 1:15-CV-00048-TC, 2016 WL 3435185, at *2, n.3 (D. Utah June 17, 2016); *see also Zero Down Supply Chain Sols., Inc. v. Glob. Transp. Sols., Inc.*, No. 2:07-CV-400 TC, 2008 WL 4642975, at *7-8, 11 (D. Utah Oct. 17, 2008) (rejecting defendants' argument that claims under the Computer Fraud and Abuse Act and for tortious interference, conversion, unfair competition, and trade secret misappropriation were "based in fraud" and therefore must be pleaded with particularity). Because Alder has not adequately met its burden in demonstrating that Rule 9(b) applies to each of NorthStar's claims, its Motion should be denied.

**II.    NorthStar Has Sufficiently Pled its Claims in any Case.**

Even if Rule 9(b) were held to apply to NorthStar's claims, NorthStar has met its burden under the standard. While Rule 9(b) requires a plaintiff to set forth "the who, what, when, where and how of the alleged fraud," it does not require a plaintiff to allege each fact with pinpoint detail. *See S.E.C. v. McCabe*, No. 2:13-CV-161 TS, 2013 WL 6185035, at *2 (D. Utah Nov. 26, 2013); *Dahl v. Gardner*, 583 F. Supp. 1262, 1267 (D. Utah 1984) (providing that Rule 9(b)'s

particularity requirement "must be read in conjunction with the general principles of notice pleading set forth in Rule 8, which requires 'a short and plain statement of the claim' for relief." (internal citation omitted)). Instead, Rule 9(b) only requires enough particularity to "afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (internal citations omitted) (alteration in original).  Further, "Rule 9(b) is not to be read in isolation, but is to be interpreted in conjunction with Federal Rule of Civil Procedure 8 . . .   When read against the backdrop of Rule 8, it is clear that the purpose of Rule 9 is not to reintroduce formalities to pleading, but is instead to provide defendants with a more specific form of notice as to the particulars of their alleged misconduct."  *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007); *see also* 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1291 (2d Ed. 1990) ("Rule 9 must be read in light of the basic pleading philosophy set forth in Rule 8 . . .   This means that even those portions of Rule 9 that require specific or detailed allegations should not be construed strictly; it must be remembered that the federal rules contemplate a de-emphasis of the pleadings and a general simplicity in pleading practice."); *United States ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010) ("Though *Twombly* and *Iqbal* clarified 9(b)'s requirements, the Rule's purpose remains unaltered. Namely, 'to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based. . . .'" (alteration in original)); *United States ex rel. Feaster v. Dopps Chiropractic Clinic*, LLC, No. 13-1453-EFM-KGG, 2016 WL 3855560, at *4 (D. Kan. July 15, 2016) (noting that Rule 9(b) ultimately operates "to ensure that the complaint provides the minimum degree of detail necessary to begin a competent defense." (internal citation

omitted)). *A fortiori*, case law and the litany of authorities on the subject make it pellucidly clear that allegations of fraud in a complaint need not contain each and every specific detail and fact in a "trial ready" form. To hold otherwise would largely obviate the discovery process in civil actions and frustrate the interests of justice.

In that vein, courts have held that Rule 9(b) may be relaxed when there has been a lack of discovery and the majority of information needed for a plaintiff to achieve particularity is, as here, held exclusively by the opposing party. *See Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 680 (6th Cir. 1988); *BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, 848 F. Supp. 2d 818, 827 (S.D. Ohio 2012). "Rule 9(b) therefore does not require a plaintiff to be omniscient, and it is not intended to prevent courts from reaching the truth behind a case. Rather, the main purpose behind Rule 9(b) is to provide notice of a plaintiff's claim to a defendant so that the defendant may be able to prepare an informed responsive pleading." *BAC* at 827 (citing *Michaels* at 679); *see also Rallis v. Holiday Inns, Inc.*, 622 F. Supp. 63, 65 (N.D. Ill. 1985) ("Although it is not necessary that plaintiffs identify each and every fraudulent act that allegedly occurred repeatedly over the course of an eight year period, the plaintiffs should provide some specific *examples* by identifying the dates and times, the individuals involved, and the circumstances constituting the alleged fraud.") (Emphasis added).

Courts have routinely had occasion to consider the parameters of Rule 9(b) in False Claims Act cases. *See, e.g.*, *Lemmon*, 614 F.3d at 1171-72 (noting Rule 9(b)'s purpose of affording defendants fair notice of plaintiff's claims and holding that the plaintiff "need only show the specifics of a fraudulent scheme and provide an adequate basis for a reasonable inference that false claims were submitted as part of that scheme."); *Bledsoe*, 501 F.3d at 509-10

(holding that relator who pled "a complex and far-reaching fraudulent scheme" could provide examples of specific false claims that "are representative samples of the broader class of claims" pursuant to Rule 9(b)).  Additionally, In *United States ex rel. Ellis v. Sheikh*, the court held that a plaintiff's complaint—which provided a few illustrative examples of a systemic pattern of submitting false claims for government reimbursement—survived a Rule 9(b) challenge, stating:

> [T]here can be little doubt that defendants were on notice as to the nature of the claims brought against them. In fact, the complaint sets out in some detail and with great specificity the allegations concerning the inaccurate billing, the improper use of the CPT Codes and the requirements for utilizing such codes… This is not a case where a party is seeking, through discovery, to determine whether fraudulent actions have taken place. Indeed, plaintiff describes the alleged fraud in detail, and describes specific incidents allegedly illustrative of defendants' pattern of fraudulent activity. Such allegations clearly satisfy the strictures of Fed. R. Civ. Proc. 9(b). Moreover, although the specificity requirements of Rule 9(b) must be met, courts have relaxed the standards of that rule under certain circumstances. For example, when the necessary evidence of the essential elements of the claim is within the exclusive control of the defendant, some courts have allowed plaintiffs to plead "on information and belief." Plaintiffs must still set forth the factual basis for that belief and this Court has recognized that the Rule 9(b) requirement is relaxed somewhat when the relevant facts are peculiarly within the opposing party's knowledge.  Courts have also relaxed the specificity requirement of Rule 9(b) when the fraud being alleged is part of a complex scheme occurring over a long period of time. A relaxed rule of pleading may be allowed as an exception in cases where the alleged conduct took place over a long period of time or involved numerous occurrences. Here, plaintiff alleges an almost daily pattern of fraudulent billing which occurred over a two-year period.

583 F. Supp. 2d 434, 438-39 (W.D.N.Y. 2008) (internal citations and quotations omitted); *see also United States ex rel. Shemesh v. CA, Inc.*, 89 F. Supp. 3d 67, 79 (D.D.C. 2015) ("While the government conceivably could have provided additional details . . . the same could be said of virtually every complaint, particularly those based on multiple claims and lengthy, complex government contracts. What matters here is that the complaint fulfills Rule 9(b)'s underlying purpose of providing [the defendant] with 'sufficient notice of the claims against [it] to prepare a defense.' " (internal citations omitted));*United States ex rel. Sharp v. E. Oklahoma Orthopedic*

*Ctr.*, No. 05-CV-572-TCK-TLW, 2009 WL 499375, at *12-14 (N.D. Okla. Feb. 27, 2009) (holding that plaintiff satisfied Rule 9(b) standard "because she has provided at least one example that includes nearly all items on the Tenth Circuit's Rule 9(b) checklist, including patient name, chart number, date of appointment, time spent during visit, submission of a claim with an allegedly fraudulent 99214 code, and evidence of payment by Medicare.").

The Utah Supreme Court also held in a Utah False Claims Act case that "a relaxed standard is appropriate where a plaintiff asserts a widespread fraudulent scheme that involves the submission of many false claims over a lengthy period. Under this standard, if it would be impossible or unwieldy to allege the details of every false claim submitted, a plaintiff may still satisfy rule 9(b)'s particularity requirement by alleging the details of the fraudulent scheme with particularity and by providing 'reliable indicia that lead to a strong inference that [false] claims were actually submitted.'" *State v. Apotex Corp.*, 2012 UT 36, ¶ 20, 282 P.3d 66 (internal citations omitted). The court continued, "At times, the breadth of an alleged scheme warrants a more lenient application of rule 9(b). For example, 'where the alleged fraudulent scheme involved numerous transactions that occurred over a long period of time, courts have found it impractical to require the plaintiff to plead the specifics with respect to each and every instance of fraudulent conduct.' Additionally, 'Rule 9(b)'s heightened pleading standard may be applied less stringently when the specific factual information is peculiarly within the defendant's knowledge or control.'" *Id*. at ¶ 27 (internal citations omitted). The *Apotex* court also held that the relaxed Rule 9(b) standard applied to the complaint's fraudulent misrepresentation claims, stating, "We see no reason that this standard should not also apply to claims of fraudulent misrepresentation that allege a widespread fraudulent scheme and many misrepresentations over

a lengthy period. As noted above, the fraud is often 'harbored in the scheme' itself. Indeed, '[i]t is the scheme in which particular circumstances constituting fraud may be found that make it highly likely the fraud was consummated.' In rare circumstances such as these—asserting fraud over the course of many years and countless misrepresentations—a more flexible approach to rule 9(b) is useful and sufficient." *Id.* at ¶ 30 (internal citations omitted) (alteration in original).

In its Amended Complaint, NorthStar sets forth 48 specific incidents of Alder's widespread misconduct against NorthStar and alleges that these incidents are illustrative of a steady pattern and practice over a period of several months and throughout the United States. Aside from describing the 48 distinct instances where Alder representatives acquired, or attempted to acquire, NorthStar customers through misrepresentations and otherwise unfair sales tactics, in its Amended Complaint NorthStar alleged that Alder's practices are widespread and, indeed, these instances merely represent the "tip of the iceberg." [Am. Compl. At ¶¶14-24.] After reviewing the allegations of a widespread pattern of false and deceptive sales practices employed by Alder's sales representatives contained in the Amended Complaint, Alder cannot credibly assert it is not on notice of NorthStar's claims. Further, Alder has exclusive control over the discovery that will likely show the full extent of Alder's wrongdoings. This is highlighted by the allegations that Alder often targeted older, more infirm NorthStar customers in pursuit of its misconduct, whose memories and ability to recall and report every precise detail of the events in question may be lacking, and an ability to review and discover records and information in Adler's possession which may show additional misconduct is imperative. Alder should not be rewarded for its concealment of a pervasive pattern of wrongful sales practices.

Based on the case law, as well as common sense, Rule 9(b) certainly does not intend the legally incongruous result Defendant proposes in its Motion.

## CONCLUSION

Based on the foregoing, NorthStar requests that this Court deny Alder's Motion to Dismiss Amended Complaint in its entirety, and that Alder be required to submit its answer to the Amended Complaint so that the parties can pursue discovery in this matter without further delay.

DATED this 13th day of February, 2018.

RAY QUINNEY & NEBEKER P.C.

*/s/ Eric G. Benson*
Matthew N. Evans
Eric G. Benson
Z. Ryan Pahnke
*Attorneys for Plaintiff*
*NorthStar Alarm Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of February, 2018, I caused the foregoing **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT** to be filed electronically with the Court, which provided electronic notice to counsel of record in this matter.

*/s/ Melanie Martin*

1442699