IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NORTHSTAR ALARM SERVICES, LLC,<br><br>Plaintiff,<br>v.<br><br>ALDER HOME PROTECTION, doing business as ALDER HOLDINGS, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:17-CV-1097-DN-PMW<br><br>District Judge David Nuffer |

Plaintiff Northstar Alarm Services LLC ("Northstar") initiated this action seeking monetary and injunctive relief relating to alleged violations of the Lanham Act and Utah State common law.[1] Defendant Alder Holdings LLC ("Alder") seeks partial dismissal of Plaintiff's Amended Complaint[2] for failure to plead fraud claims with particularity as required by Fed. R. Civ. Pro. 9(b) ("Rule 9(b)"), and for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) ("Rule 12(b)(6)").[3] In response, Northstar argues that its claims should not be subject to Rule 9(b).[4] Alder replied in support of its Motion to Dismiss.[5]

The heightened pleading requirements of Rule 9(b) apply to claims of fraud. Because Northstar's claims all sound in fraud, Rule 9(b) and its heightened requirements apply to Northstar's claims. However, Northstar meets the requirements under Rule 9(b) by pleading its

---

[1] Amended Complaint ("Complaint"), docket No. 9, filed Dec. 19, 2017.

[2] *Id*.

[3] Defendant's Motion to Dismiss Amended Complaint ("Motion to Dismiss"), docket No. 11, filed Jan. 16, 2018.

[4] Opposition to Defendant's Motion to Dismiss Amended Complaint ("Opposition"), docket No. 17, filed Feb. 13, 2018.

[5] Reply Memorandum Supporting Defendant's Motion to Dismiss Amended Complaint, ("Reply"), docket no. 18, filed February 27, 2018.

claims with *sufficient* particularity. The requirements of Rule 9(b) may be relaxed when, as here, evidence of fraudulent activity is in the control of the Alder and Northstar has set forth a sufficient factual basis for the fraudulent scheme. Therefore, Alder's Motion to Dismiss[6] is DENIED.

## Standard of Review

A defendant is entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[7] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be considered.[8] A court is not bound to accept the complaint's legal conclusions and opinions, even if they are couched as facts.[9]

Where a complaint sounds in fraud, a more rigorous standard is applied.[10] To satisfy the requirements of Rule 9(b) a party must state with particularity the circumstances constituting fraud or mistake. At issue here is the degree of required particularity.

## DISCUSSION

### Northstar pleads its claims with sufficient particularity

Northstar's claims comply with the purpose of Rule 9(b) and the heightened standard of pleading with particularity and are therefore sufficient to survive a Rule 12(b)(6) Motion to Dismiss. The purpose of Rule 9(b) is "to ensure that the complaint provides the minimum degree

---

[6] *See* Motion to Dismiss.

[7] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[8] *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[9] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[10] *See e.g. U.S. ex rel. Sikkenga v. Bluecross Blueshield of Utah*, 472 F.3d 702 (10th Cir. 2006) (applying the heightened Rule 9(b) scrutiny to a Rule 12(b)(6) motion to dismiss when a complaint alleges fraud).

of detail necessary to begin a competent defense."[11] In practical terms, the Tenth Circuit has determined that "[a]t a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[12] With allegations of a broad scheme of fraud, Rule 9(b) is satisfied when (1) the plaintiff can plead at least a single instance of a distinct false claim with particularity that is representative of the scheme described, and (2) provides details about how the scheme was implemented.[13] Other courts also allow pleading of a distinct instance to satisfy the requirements for pleading a broad scheme.[14]

Here, the Complaint describes 48 specific instances of fraud[15] allegedly committed by Alder's representatives, including: representatives of Alder pretending to be representatives of Northstar to gain access to an alarm system and swap it out for Alder's system;[16] representatives of Alder claiming Alder bought-out Northstar's clients in the area;[17] and representatives of Alder promising to cancel customer's existing contracts if they switched to Alder's system, but not

---

[11] *Fulghum v. Embarq Corp.*, 785 F.3d 395, 416 (10th Cir. 2015) (quoting *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 469, 478 n. 2 (6th Cir. 2014).

[12] *U.S. ex rel. Lacy v. New Horizons Inc.*, 348 Fed.Appx. 421 (10th Cir. 2009) (quoting *Sikkenga*, 472 F. 3d at 726).

[13] *Cf. Lacy*, 348 Fed.Appx. at 425-26 (citing *U.S. ex rel. Bledsoe v. Community Health Sys., Inc.*, 501 F.3d 493, 510 (6th Cir. 2007) (Dismissing a complaint because "no single instance of a particular false claim [was] alleged that would be representative of the class described" and "the Complaint provides no details about how the scheme was implemented." *Id.*);

[14] *See Rallis v. Holiday inns, Inc.*, 622 F. Supp. 63, 65 (N.D.Ill. 1985), *U.S. ex rel. Ellis v. Sheikh,* 583 F. Supp. 2d 434 (W.D.N.Y. 2008), *U.S. ex rel. Sharp v. E. Oklahoma Orthopedic Ctr.*, Case No. 5-cv-572-TCK-TLW, 2009 WL 499375 (N.D. Okla. 2009).

[15] Complaint ¶25-72.

[16] *See e.g.* Complaint ¶ 59.

[17] *See e.g.* Complaint ¶ 50.

actually doing so.[18] The 48 instances illustrate Alder's pattern of alleged fraudulent activity. Finally, Northstar also provides details about how the alleged scheme was implemented; specifically, that Alder trained its sales representatives to use false and misleading sales tactics to persuade Northstar's customers.[19]

Even though Northstar did not include these allegations under the headings for the individual causes of action, cross-referencing and incorporating by reference "as allowed by Rule 10(c)" ensures that the Complaint sufficiently particularizes the circumstances constituting fraud to comply with Rule 9(b)."[20]

Alder asserts that Northstar has failed to meet the burden imposed by Rule 9(b), citing to multiple cases.[21] Alder points out that a purpose of Rule 9(b) is "to protect defendants from reputational damage caused by 'improvident charges of wrongdoing,' and to 'inhibit the institution of strike suits.'"[22] Here, however, Northstar has laid out a sufficient factual basis for the wrongs allegedly committed by providing 48 specific examples of the alleged fraud.[23] This is not an improvident charge of wrongdoing; there is a clear basis for the Complaint. Similarly, in most of the cases Alder cites in the Motion to Dismiss and Reply no instance of fraud was pled with particularity.[24] Here we have 48 instances of alleged fraud pled with particularity, differentiating this case from those cited to by Alder.

---

[18] *See e.g.* Complaint ¶ 42.

[19] Complaint ¶14-15.

[20] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1253 (10th Cir. 1997).

[21] Motion to Dismiss at 9-17; Reply at 5-12.

[22] *Plastic Packaging Corp v. Sun Chemical Corp.*, 136 F. Supp. 2d 1201, 1203 (D. Kan 2001) (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 986 (10th Cir. 1992)).

[23] Complaint ¶¶ 25-72.

[24] *See e.g. Caprin v. Simon Transportation Service, Inc.*, 99 Fed.Appx. 150 (10th Cir.2004) (cited in Reply at 6), *Monus v. Colorado Baseball 1993, Inc.*, 103 F.3d 145, 1996 WL 723338 (10th Cir.) (dismissing in part portions of

4

Alder also cites to *U.S. ex rel. Sikkenga v. Bluecross Blueshield of Utah,* a case in which the Tenth Circuit concludes that Rule 9(b) is not satisfied if a plaintiff describes a private scheme in detail but fails to show that false or fraudulent claims were actually submitted in violation of the False Claims Act.[25] *Sikkenga*, an ex-employee, sued her former employer, alleging a broad scheme of fraud.[26] The Tenth Circuit dismissed her claim, in part for failing to allege specific instances of fraudulent claims.[27]

But Northstar provided specific instances where false claims were allegedly made to Northstar's customers. Furthermore, *Sikkenga* was decided before *Twombly*[28] and *Iqbal*,[29] which changed the Tenth Circuit's approach to these types of cases. *U.S. ex rel. Lemmon v Envirocare of Utah, Inc.*, held that "Twombly and Iqbal clarified 9(b)'s requirements . . . . Thus, claims under the FCA need only show the specifics of a fraudulent scheme and provide an adequate basis for a reasonable inference that false claims were submitted as part of that scheme."[30]

Because Northstar pled specific instances of fraudulent activity with particularity, the Complaint complies with *Sikkenga* and *Lemmon*.

---

the complaint that were not pled with particularity) (cited in Motion to Dismiss at 18), *Cayman Exploration Corp. v. UnitedGas Pipe Line Co.*, 873 F.2d 1357 (10th Cir. 1989) (cited in Reply at 9).

[25] *Sikkenga*, 472 F.3d at 727.

[26] *See Id.*

[27] *See Id.*

[28] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[29] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[30] 614 F.3d 1163, at 1172.

## Rule 9(b)'s standard may be relaxed when
## Northstar sets forth a sufficient factual basis for the broad scheme claims

Even if Northstar has not pled the claims of a fraudulent scheme with complete particularity, Rule 9(b)'s requirements may be relaxed under certain circumstances, allowing Northstar's claims to survive a Rule 12(b)(6) motion. "'Allegations of fraud may be based on information and belief when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief.'"[31]

Northstar alleges that Alder taught or instructed its representatives to target Northstar's customers.[32] Complete evidence of targeting and specific practices would be within Alder's knowledge and possession. Northstar has set forth a sufficient factual basis by providing 48 alleged instances of Alder's representatives making fraudulent statements to Northstar customers. That these instances allegedly took place all throughout the United States and over a long period of time provides sufficient factual basis that they are not merely isolated events attributable to a single sales area, but a company wide effort to fraudulently generate a larger customer base. Northstar's pleadings meet the standard in *Koch* and *Scheidt* which relaxes Rule 9(b)'s requirements as they pertain to broader scheme claims.

Alder cites to multiple cases limiting the relaxation rule. However, all of Alder's cases allow relaxation if certain requirements are met. For example, *Koch* and *Sikkenga* both hold that relaxation may occur when knowledge is peculiarly within a defendant's control and a sufficient factual basis can be established for the claim.[33] These requirements are met. Therefore, even if

---

[31] *Koch v. Koch Industries, Inc.*, 203 F.3d 1202 (10th Cir. 2000) (citing *Scheidt v. Klein*, 956 F.2d 963 (10th Cir. 1992)).

[32] Complaint ¶14-15.

[33] *See Koch*, 203 F.3d at 1237; *Sikkenga*, 472 F.3d at 728.

Northstar has not pled claims with complete particularity, Rule 9(b) is satisfied. Northstar's Complaint sufficiently states a claim upon which relief can be granted.

**ORDER**

IT IS HEREBY ORDERED that Alder's Motion to Dismiss is DENIED.

Dated July 27, 2018.

BY THE COURT:

David Nuffer
United States District Judge