IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NORTHSTAR ALARM SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALDER HOME PROTECTION,<br>d/b/a ALDER HOLDINGS, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS COUNTERCLAIM**<br><br>Case No. 2:17-cv-01097-DN<br><br>District Judge David Nuffer |

Plaintiff NorthStar Alarm Services LLC ("NorthStar") filed a motion ("Motion")[1] to dismiss the amended counterclaim ("Counterclaim")[2] of Defendant Alder Home Protection ("Alder") under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Because the Counterclaim adequately states a claim for relief, the Motion[1] is DENIED.

## BACKGROUND

"To survive a motion to dismiss, a complaint must allege facts that, if true, state a claim to relief that is plausible on its face. A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable."[3] Accepting Alder's well-pleaded factual

---

[1] Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim for Failure to State a Claim ("Motion"), docket no. 34, filed September 27, 2018; *see* Memorandum Opposing Motion to Dismiss Defendant's Amended Counterclaim for Failure to State a Claim, docket no. 49, filed October 18, 2018; Reply Memorandum in Support of Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim for Failure to State a Claim, docket no. 58, filed November 9, 2018.

[2] Defendant's Answer to Plaintiff's Amended Complaint and Amended Counterclaim ("Counterclaim"), docket no. 30, filed September 13, 2018.

[3] *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016) (citation and internal quotation marks omitted).

allegations as true, and "view[ing] them in the light most favorable to" Alder,[4] the relevant facts for purposes of this Motion are as follows.

Alder is a residential security and home automation company with thousands of customers throughout the United States.[5] NorthStar is also in the business of selling and installing electronic security services and equipment.[6] MX Security LLC ("MX") is an agent of NorthStar and subject to NorthStar's control.[7] Alder and NorthStar are direct competitors.[8]

NorthStar and MX have knowingly engaged in an intentional and targeted campaign to damage Alder's reputation, goodwill, and business relationships by, among other things, disseminating materially false, disparaging, and damaging information about Alder in connection with the commercial advertisement and promotion of NorthStar's products and services.[9] For example, NorthStar and MX have affirmatively and dishonestly solicited the cancellation and breach of Alders' customers' contracts;[10] intentionally lied and caused confusion about their relationship to and association with Alder and Alder's products and services;[11] falsely stated that Alder had gone out of business or was going out of business;[12] wrongfully accused Alder of being an unlawful "scam company";[13] and made other misrepresentations regarding the nature,

---

[4] *Id.*

[5] Counterclaim, *supra* note 2, ¶¶ 7, 17, at 13, 15.

[6] *Id.* ¶ 10, at 14.

[7] *Id.* ¶¶ 11-13, at 14.

[8] *Id.* ¶ 14, at 14.

[9] *Id.* ¶¶ 15-16, 19, 25-30, 64-65, 71-72, 77-78, 85-86, at 14-17, 26-28.

[10] *Id.* ¶¶ 20(a), 20(l), 33-60, 99-100, at 15-25, 30.

[11] *Id.* ¶¶ 20(b), 20(j), 20(n)-20(o), 29, 33-34, 42, 45, 49-50, 57, 80, 93-94, at 15-18, 20-22, 25, 27, 29.

[12] *Id.* ¶¶ 20(c), 20(m)-20(n), 54, 60, at 15-16, 24-25.

[13] *Id.* ¶ 20(c), at 15; *see id.* ¶ 87, at 28.

availability, safety, efficacy, quality, and status of Alder's products and services.[14] Such false and misleading representations have caused, and continue to cause, Alder to lose many customers and suffer damages.[15]

Alder is suing NorthStar and MX for (1) tortious interference with contractual relations, (2) tortious interference with economic relations, (3) unfair competition under the Lanham Act,[16] (4) defamation, (5) unfair competition under Utah law, and (6) civil conspiracy.

## DISCUSSION

### Alder has adequately stated claims for tortious interference.

To recover damages for tortious interference, a plaintiff must prove (1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) by improper means, and (3) thereby caused injury to the plaintiff.[17]

NorthStar argues that Alder's tortious interference claims should be dismissed because Alder has not satisfied the improper-means requirement.[18] Specifically, NorthStar argues that the Counterclaim does not "allege that the statements . . . made by NorthStar (or MX) were in fact false or anything more than mere puffery."[19]

---

[14] *Id.* ¶¶ 20(d)-20(h), 20(k), 35-36, 39-41, 44-45, 47-48, 53-54, 56, 58, at 15, 18-25.

[15] *Id.* ¶¶ 33-61, 67, 74, 81-82, 88-89, 95, 102, at 17-30.

[16] 15 U.S.C. § 1125(a).

[17] *Eldridge v. Johndrow*, 2015 UT 21, ¶ 13-14, 345 P.3d 553.

[18] Motion, *supra* note 1, at 15.

[19] *Id.*

3

NorthStar's argument fails for at least two reasons. First, Alder has affirmatively alleged that the statements at issue were false.[20] And, second, Alder is not required to allege that the statements were "more than mere puffery."

Accordingly, the Motion will be denied as to Alder's tortious interference claims.

**Alder has adequately stated claims for unfair competition.**

Alder has asserted claims for unfair competition under federal and state law. NorthStar argues that both[21] claims should be dismissed because Alder has not alleged that NorthStar's statements: (1) proximately caused Alder damage;[22] (2) were likely to cause confusion as to NorthStar's association with Alder;[23] or (3) falsely represented the nature, characteristics, or qualities of Alder's or NorthStar's goods or services.[24]

NorthStar's argument is incorrect. Alder has adequately alleged that NorthStar's conduct and statements: (1) were the cause of injury to Alder;[25] (2) caused or were likely to cause confusion regarding NorthStar's association with Alder;[26] and (3) falsely[27] represented the nature, characteristics, and qualities of Alder's and NorthStar's goods and services.[28]

Consequently, the Motion will be denied as to Alder's unfair competition claims.

---

[20] *See, e.g.*, Counterclaim, *supra* note 2, ¶¶ 15, 20-21, 33-61, 63, 78, at 14-27.

[21] NorthStar seeks the dismissal of Alder's unfair competition claim under state law on the same grounds that NorthStar seeks the dismissal of Alder's unfair competition claim under federal law. *See* Motion, *supra* note 1, at 14-15.

[22] *Id.* at 6-8.

[23] *Id.* at 6, 8-10.

[24] *Id.* at 6, 10-13.

[25] *See* sources cited *supra* note 15.

[26] *See* sources cited *supra* note 11.

[27] *See* sources cited *supra* notes 9-15.

[28] *See* sources cited *supra* notes 11 and 14.

### Alder has adequately stated a claim for defamation.

NorthStar asserts that Alder's defamation claim should be dismissed because "Alder alleges no facts that NorthStar made any statement to suggest that Alder's business or conduct was either lawful or unlawful."[29] This assertion is incorrect. Alder has affirmatively alleged that NorthStar falsely represented to Alder's customers that Alder "was an unlawful 'scam company.'"[30] As a result, the Motion will be denied as to Alder's defamation claim.

### Alder has adequately stated a claim for civil conspiracy.

NorthStar requests the dismissal of Alder's civil conspiracy claim because, according to NorthStar, "Alder has failed to state a claim for any tort which could form the basis for a claim of civil conspiracy."[31] This request will be denied because, as explained above, Alder *has* adequately stated underlying claims for tortious interference, unfair competition, and defamation—each of which may form the basis for Alder's civil conspiracy claim.

### ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[32] is DENIED.

Signed January 9, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[29] Motion, *supra* note 1, at 14.

[30] Counterclaim, *supra* note 1, ¶ 20(c), at 15.

[31] Motion, *supra* note 1, at 16; *see Estrada v. Mendoza*, 2012 UT App 82, ¶ 13, 275 P.3d 1024 ("The claim of civil conspiracy requires, as one of its essential elements, an underlying tort." (citation and internal quotation marks omitted)).

[32] Docket no. 34, filed September 27, 2018.