IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NORTHSTAR ALARM SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALDER HOME PROTECTION,<br>d/b/a ALDER HOLDINGS, LLC,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MX SECURITY'S MOTION TO DISMISS**<br><br>Case No. 2:17-cv-01097-DN<br><br>District Judge David Nuffer |

Counterclaim Defendant MX Security LLC ("MX") filed a motion ("Motion")[1] to dismiss the amended counterclaim ("Counterclaim")[2] of Defendant Alder Home Protection ("Alder") for lack of standing, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. For the reasons set forth below, the Motion is DENIED.

## TABLE OF CONTENTS

Background ........................................................................................................................................2
Discussion .........................................................................................................................................4
    Alder has made a prima facie showing of personal jurisdiction over MX. .......................4
    Alder has standing to bring a claim under the Lanham Act................................................8
    Utah is not an improper venue for this action......................................................................9
    Alder has adequately stated claims for relief against MX. ................................................10
        Alder has stated plausible claims for tortious interference...................................10
        Alder has stated a plausible claim for defamation. ...............................................10
        Alder has stated a plausible claim for unfair competition. ...................................11
        Alder has stated a plausible claim for civil conspiracy.........................................11
Order .................................................................................................................................................11

---

[1] Counterclaim Defendant MX Security's Motion to Dismiss Alder Holding's Amended Counterclaim ("Motion"), docket no. 60, filed November 19, 2018; *see* Memorandum Opposing Counterclaim Defendant MX Security's Motion to Dismiss Alder Holding's Amended Counterclaim ("Opposition"), docket no. 69, filed January 14, 2019; Reply to Alder Holding's Opposition to Counterclaim Defendant MX Security's Motion to Dismiss Alder Holdings' Amended Counterclaim ("Reply"), docket no. 74, filed February 11, 2019.

[2] Defendant's Answer to Plaintiff's Amended Complaint and Amended Counterclaim ("Counterclaim"), docket no. 30, filed September 13, 2018.

## BACKGROUND

When ruling on a motion to dismiss for lack of standing,[3] for lack of personal jurisdiction,[4] for improper venue,[5] or for failure to state a claim upon which relief can be granted,[6] courts generally must accept as true all material allegations of the complaint and construe them in the plaintiff's favor. This is especially true when, as here, an evidentiary hearing was not held.[7] Based on the pleadings, declarations, and other written materials on file, the relevant facts for purposes of this Motion are as follows.

Alder is a Utah residential security and home automation company with thousands of customers throughout the United States.[8] Its headquarters are in Utah.[9] Plaintiff NorthStar Alarm Services LLC ("NorthStar")—also a Utah-formed and -based entity—is a direct competitor of Alder.[10] MX, a corporation formed and headquartered in South Carolina,[11] is an agent of NorthStar and subject to NorthStar's control from Utah.[12] MX holds itself out to the public as

---

[3] *See* Warth v. Seldin, 422 U.S. 490, 501 (1975).

[4] *See* Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984).

[5] *See* M.K.C. Equip. Co. v. M.A.I.L. Code, Inc., 843 F. Supp. 679, 682-83 (D. Kan. 1994).

[6] *See* Mayfield v. Bethards, 826 F.3d 1252, 1255 (10th Cir. 2016).

[7] *See* OMI Holdings, Inc. v. Royal Ins. Co., 149 F.3d 1086, 1091 (10th Cir. 1998) (regarding motions to dismiss for lack of personal jurisdiction).

[8] Counterclaim, *supra* note 2, ¶¶ 7, 17, at 13, 15.

[9] *Id.* ¶ 1, at 13.

[10] *Id.* ¶¶ 2, 10, 14, at 13-14.

[11] Declaration of Elizabeth Moise ¶ 2, docket no. 60-1, dated November 19, 2018.

[12] Counterclaim, *supra* note 2, ¶¶ 11-13, at 14; *see* Declaration of Elizabeth Moise, *supra* note 11, ¶ 12 (MX "is an authorized NorthStar dealer"); *see also* Change of Service Customers, docket no. 69-4, filed January 14, 2019 (evidencing the relationship between MX and NorthStar). MX has not disputed, in either its Motion or Reply, that it is an agent of NorthStar or subject to NorthStar's control.

being NorthStar.[13] Although MX does not sell NorthStar's products to customers in Utah, its sales representatives occasionally travel to Utah to receive information, training, and recognition from NorthStar regarding the sale of NorthStar's products and services.[14] MX's contracts with NorthStar are expressly governed by Utah law,[15] and disputes between the two must be litigated in Utah.[16]

As the counterclaim alleges, NorthStar and MX have knowingly engaged in an intentional and targeted campaign to damage Alder's reputation, goodwill, and business relationships by, among other things, disseminating materially false, disparaging, and damaging information about Alder in connection with the commercial advertisement and promotion of NorthStar's products and services.[17] For example, NorthStar and MX have affirmatively and dishonestly solicited the cancellation and breach of Alders' customers' contracts;[18] intentionally lied and caused confusion about their relationship to and association with Alder and Alder's products and services;[19] falsely stated that Alder had gone out of business or was going out of business;[20] wrongfully accused Alder of being an unlawful "scam company";[21] placed deceptive

---

[13] *See* Declaration of Nikoiya Epps ¶ 3, docket no. 69-2, dated January 3, 2019; Declaration of Cora West ¶ 3, docket no. 69-3, dated December 24, 2018.

[14] *See* Declaration of Luis E. Endara ¶¶ 9-10, docket no. 60-2, dated November 19, 2018; *see* Opposition, *supra* note 1, at 4 ¶ 10.

[15] Affiliate Agreement § 9(a), docket no. 69-5, dated May 1, 2017; Non-Solicitation & Non-Disclosure Agreement § 7, docket no. 69-5, dated May 1, 2017.

[16] Affiliate Agreement, *supra* note 15, § 8(b).

[17] Counterclaim, *supra* note 2, ¶¶ 15-16, 19, 25-30, 64-65, 71-72, 77-78, 85-86, at 14-17, 26-28.

[18] *Id.* ¶¶ 20(a), 20(l), 33-60, 99-100, at 15-25, 30.

[19] *Id.* ¶¶ 20(b), 20(j), 20(n)-20(o), 29, 33-34, 42, 45, 49-50, 57, 80, 93-94, at 15-18, 20-22, 25, 27, 29.

[20] *Id.* ¶¶ 20(c), 20(m)-20(n), 54, 60, at 15-16, 24-25.

[21] *Id.* ¶ 20(c), at 15; *see id.* ¶ 87, at 28.

telephone calls to Alder in Utah;[22] and made other misrepresentations regarding the nature, availability, safety, efficacy, quality, and status of Alder's products and services.[23] These false and misleading representations have caused, and continue to cause, Alder to lose many customers and suffer damages.[24] Although MX's actions and representations concerning Alder occurred outside of Utah, their aim was to harm Alder in Utah.[25] And, in fact, almost all of the resulting damages to Alder have been suffered in Utah.[26]

Alder is suing NorthStar and MX for (1) tortious interference with contractual relations, (2) tortious interference with economic relations, (3) unfair competition under the Lanham Act,[27] (4) defamation, (5) unfair competition under Utah law, and (6) civil conspiracy.

## DISCUSSION

**Alder has made a prima facie showing of personal jurisdiction over MX.**

MX denies that there is personal jurisdiction over it in Utah with respect to Alder's claims.[28] It is Alder's burden, as the claimant against MX, to establish personal jurisdiction over MX.[29] To do so at this stage, Alder only needs to make a prima facie showing of personal jurisdiction.[30] Alder "may make this prima facie showing by demonstrating, via affidavit or other

---

[22] *Id.* ¶¶ 42, 49, 57, 59, at 20, 22, 25.

[23] *Id.* ¶¶ 20(d)-20(h), 20(k), 35-36, 39-41, 44-45, 47-48, 53-54, 56, 58, at 15, 18-25.

[24] *Id.* ¶¶ 33-61, 67, 74, 81-82, 88-89, 95, 102, at 17-30.

[25] Opposition, *supra* note 1, ¶¶ 1-6, at 3; *see, e.g.*, Counterclaim, *supra* note 2, ¶¶ 27-29, at 17.

[26] Declaration of Dane McCartney ¶ 20, docket no. 69-1, dated January 14, 2019.

[27] 15 U.S.C. § 1125(a).

[28] Motion, *supra* note 1, at 3-13.

[29] *See Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).

[30] *See OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

written materials, facts that if true would support jurisdiction over" MX.[31] That is, Alder must demonstrate that jurisdiction is authorized under Utah's long-arm statute and that the exercise of jurisdiction will not offend the due process clause of the Fourteenth Amendment.[32] However, given that Utah's long-arm statute authorizes "jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment,"[33] there is no need to "conduct a statutory analysis apart from the due process analysis."[34]

"[T]o exercise [personal] jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.'"[35] There are two types of personal jurisdiction: general and specific. Because Alder does not contend that general jurisdiction exists over MX in Utah, the adjudication of Alder's claims against MX in this forum is contingent on the existence of specific jurisdiction.

"Specific jurisdiction . . . depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."[36] "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the

---

[31] *Id.*; *see Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984) ("The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." (citations omitted)).

[32] *See ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011).

[33] UTAH CODE § 78B-3-201(3).

[34] *ClearOne*, 643 F.3d at 763 (internal quotation marks omitted).

[35] *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotation marks omitted).

[36] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted).

defendant, the forum, and the litigation."[37] "In the specific-jurisdiction context, the minimum-contacts standard requires that a court assert such jurisdiction if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."[38] "Where a defendant's intentionally tortious actions are aimed at the forum state and most of the harm is felt in the forum state, minimum contacts are established."[39]

Alder has adequately pleaded that MX purposefully directed its activities at Utah. Specifically, MX: (1) holds itself out to the public as being NorthStar—an entity formed and headquartered in Utah;[40] (2) is an agent of NorthStar and subject to NorthStar's control from Utah;[41] (3) sends its sales representatives to Utah to receive instruction, training, and recognition regarding the sale of NorthStar's products and services (specifically to customers of competitors);[42] (4) regularly sends customer account information to NorthStar in Utah;[43] (4) has expressly agreed that its relationship and dealings with NorthStar are governed by Utah law;[44] (5) intentionally engages in tortious activities outside of Utah aimed at damaging Alder in

---

[37] *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (internal quotation marks omitted).

[38] *Racher v. Lusk*, 674 F. App'x 787, 791 (10th Cir. 2016).

[39] *Id.* (citation omitted).

[40] *See* sources cited *supra* notes 10 and 13; *see also Walden*, 571 U.S. at 286 ("To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties.").

[41] *See* sources cited *supra* note 41; *see also Walden*, 571 U.S. at 285 (approving the assertion of jurisdiction over defendants who purposefully entered a contractual relationship that envisioned continuing contacts in the forum).

[42] *See* Opposition, *supra* note 1, ¶ 10, at 4; *see also Walden*, 571 U.S. at 285, 289 ("physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact," as is also sending someone to the forum)

[43] *See* Opposition, *supra* note 1, ¶ 7, at 4; *see also Walden*, 571 U.S. at 289 (sending something or someone to the forum is a relevant contact).

[44] *See* sources cited *supra* note 15.

Utah;[45] (6) knowingly makes deceptive telephone calls to Alder in Utah in furtherance of such activities;[46] and (7) receives compensation from Utah for its actions.[47] The harm resulting from MX's actions has been felt almost exclusively in Utah.[48] Because this litigation is the result of Alder's injuries arising out of or related to MX's actions, MX has sufficient minimum contacts with Utah for jurisdictional purposes.

Having found sufficient contacts between MX and Utah, it is necessary to "determine whether exercising personal jurisdiction would offend traditional notions of fair play and substantial justice."[49] "This inquiry requires a determination of whether the district court's exercise of personal jurisdiction over defendant is reasonable in light of the circumstances surrounding the case."[50] This requires consideration of:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.[51]

"[A]n especially strong showing of reasonableness may serve to fortify a borderline showing of minimum contacts."[52]

---

[45] *See* sources cited *supra* notes 25-26; *see also Walden*, 571 U.S. at 287 (acknowledging "that the reputation-based 'effects' of" defamation may connect the defendants to the forum).

[46] *See* sources cited *supra* note 22; *see also Walden*, 571 U.S. at 289 (contacting someone in the forum is a relevant contact).

[47] *See* Opposition, *supra* note 1, ¶ 11, at 4.

[48] *See* sources cited *supra* note 26.

[49] *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1061 (internal quotation marks omitted).

[50] *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000).

[51] *Trujillo v. Williams*, 465 F.3d 1210, 1221 (10th Cir. 2006) (internal quotation marks omitted).

[52] *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005) (alterations and internal quotation marks omitted).

The burden on MX to appear in Utah is minimal, given that it sends its representatives to NorthStar's headquarters in Utah for instruction, training, and recognition, and has expressly agreed to resolve disputes involving NorthStar in Utah.[53] Utah has a strong interest in providing a forum in which its residents can seek redress for the intentional injuries caused by out-of-state actors.[54] "Finally, it is more efficient and just for judgment creditors such as [Alder] to seek collection where their judgment was obtained and not chase the defendant to another state."[55]

Accordingly, specific personal jurisdiction over MX may properly be exercised in Utah.

## Alder has standing to bring a claim under the Lanham Act.

MX seeks the dismissal of Alder's claim under the Lanham Act for lack of standing. "For purposes of ruling on a motion to dismiss for want of standing, . . . courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party."[56] To have standing, a "plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision."[57]

MX contends that Alder lacks standing because it has not alleged that MX's conduct or statements injured Alder's commercial interests or business reputation.[58] This contention is incorrect, as Alder *has* adequately alleged that MX's conduct and statements injured Alder's

---

[53] *See* sources cited *supra* notes 14-16.

[54] *See Racher*, 674 F. App'x at 792.

[55] *Id.*

[56] *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

[57] *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014).

[58] Motion, *supra* note 1, at 17.

8

commercial interests and reputation.[59] Alder, therefore, has standing to bring a claim against MX under the Lanham Act.

### Utah is not an improper venue for this action.

MX argues that venue in this judicial district is improper under 28 U.S.C. § 1391(b) because MX "does not reside in Utah" and "all of the alleged illegal activity took place outside of Utah."[60] Section 1391(b) reads:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[61]

"For all venue purposes . . . an entity with the capacity to sue and be sued in its common name under applicable law . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[62]

Because MX is subject to personal jurisdiction in Utah, MX is deemed to reside in Utah for venue purposes. Given that Alder and NorthStar are also Utah residents, venue in this judicial district is proper under § 1391(b)(1).

---

[59] *See, e.g.*, sources cited *supra* note 24.

[60] Motion, *supra* note 1, at 14.

[61] 28 U.S.C. § 1391(b).

[62] *Id.* § 1391(c)(2).

## Alder has adequately stated claims for relief against MX.

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must allege facts that, if true, state a claim to relief that is plausible on its face. A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable."[63] Because Alder has stated plausible claims against MX for tortious interference, defamation, unfair competition, and civil conspiracy, MX is not entitled to dismissal under Fed. R. Civ. P. 12(b)(6).

### Alder has stated plausible claims for tortious interference.

To recover damages for tortious interference, a plaintiff must prove (1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) by improper means, and (3) thereby caused injury to the plaintiff.[64] MX argues that Alder's tortious interference claims should be dismissed because Alder has not explained what its damages are.[65] On the contrary, and as has already been noted, Alder *has* made sufficient allegations regarding damages.[66] Accordingly, the Motion will not be granted on this basis.

### Alder has stated a plausible claim for defamation.

MX asserts that Alder's defamation claim should be dismissed because "Alder does not allege that [MX] made any comment about the lawfulness of Alder's business or that [MX] accused Alder of conducting an illegal activity within its lawful business."[67] This assertion is

---

[63] *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016) (internal quotation marks omitted).

[64] *Eldridge v. Johndrow*, 2015 UT 21, ¶ 13-14, 345 P.3d 553.

[65] Motion, *supra* note 1, at 19.

[66] *See* sources cited *supra* note 24; *see supra* text accompanying note 59.

[67] Motion, *supra* note 1, at 20.

incorrect, as Alder has affirmatively alleged that MX falsely represented to Alder's customers that Alder "was an unlawful 'scam company.'"[68] The Motion cannot be granted on this basis.

**Alder has stated a plausible claim for unfair competition.**

MX seeks dismissal of Alder's claim for unfair competition under Utah law for "lack of pleading an injury and because Alder's claim is about conduct that took place outside of Utah . . . and thus not subject to the laws of Utah."[69] But, as already mentioned,[70] MX has sufficiently alleged damages.[71] Moreover, Alder's conclusory assertion that its conduct is not subject to the laws of Utah is not adequately developed. Thus, the Motion cannot be granted on either basis.

**Alder has stated a plausible claim for civil conspiracy.**

MX requests the dismissal of Alder's civil conspiracy claim because "Alder cannot show an underlying tort for the civil conspiracy claim to survive."[72] This request must be denied because, as explained above, Alder *has* adequately stated underlying claims for tortious interference, unfair competition, and defamation—each of which may form the basis for Alder's civil conspiracy claim.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[73] is DENIED.

---

[68] Counterclaim, *supra* note 2, ¶ 20(c), at 15.

[69] Motion, *supra* note 1, at 21.

[70] *See supra* text accompanying notes 59 and 66.

[71] *See* sources cited *supra* note 24.

[72] Motion, *supra* note 1, at 21; *see Estrada v. Mendoza*, 2012 UT App 82, ¶ 13, 275 P.3d 1024 ("The claim of civil conspiracy requires, as one of its essential elements, an underlying tort." (citation and internal quotation marks omitted)).

[73] Docket no. 60, filed November 19, 2018.

IT IS FURTHER HEREBY ORDERED that, within 14 days of entry of this Order, the parties must submit a stipulated discovery plan and proposed scheduling order that will address all remaining case deadlines.[74]

Signed June 24, 2019.

BY THE COURT:

David Nuffer
United States District Judge

---

[74] *See* Order Staying Case Deadlines, docket no. 77, filed May 1, 2019.