IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NORTHSTAR ALARM SERVICES, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ALDER HOME PROTECTION, d/b/a ALDER HOLDINGS, LLC, a Utah limited liability company,<br><br>Defendant.<br>---<br>ALDER HOLDINGS, LLC, a Utah limited liability company,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>NORTHSTAR ALARM SERVICES, LLC, a Utah limited liability company, and MX SECURITY, LLC, a South Carolina limited liability company,<br><br>Counterclaim Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MX SECURITY'S MOTION FOR CERTIFICATION AND STAY OF ACTION PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Case No. 2:17-cv-01097-DN-PMW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Paul M. Warner |

Counterclaim Defendant MX Security, LLC ("MX"), has filed a motion ("Motion")[1]

asking the court to certify for interlocutory appeal the Memorandum Decision and Order

---

[1] Motion for Certification of Order and Stay of Action Pursuant to 28 U.S.C. § 1292(b) ("Motion"), docket no 81, filed July 8, 2019; *see* Memorandum Opposing Motion for Certification of Order and Stay of Action Pursuant to 28 U.S.C. § 1292(b) ("Opposition"), docket no. 89, filed August 15, 2019; Reply to the Opposition of Motion for Certification of Order and Stay of Action Pursuant to 28 U.S.C. § 1292(b) ("Reply"), docket no. 94, filed September 5, 2019.

Denying MX Security's Motion to Dismiss ("Order"),[2] and to stay the proceedings here while MX pursues such appeal. The Motion is DENIED.

## DISCUSSION

Pursuant to 28 U.S.C. § 1292(b), a district court may certify "an order not otherwise appealable" for interlocutory appeal if three elements are met: (1) the "order involves a controlling question of law"; (2) there exists a "substantial ground for difference of opinion" on the matter of the controlling question of law; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"[3] "The three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal."[4] "Among the categories of rulings that may be obviously suited for interlocutory appeal within the general criteria of the statute are those rejecting . . . challenges to . . . personal jurisdiction," but "[o]f course not every ruling regarding even such [a] fundamental matter[] is worthy of appeal; *the rules that bar routine interlocutory appeal continue to hold sway*."[5]

**MX Does Not Satisfy All Elements Necessary for a Section 1292(b) Interlocutory Appeal.**
*MX states a controlling question of law.*

The first element of Section 1292(b) requires that a controlling question of law exist. "There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have

---

[2] Docket no. 78, filed June 24, 2019.

[3] 28 U.S.C. § 1292(b).

[4] 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3930 (3d ed.) (August 2019 update) (footnote omitted).

[5] *Id*. § 3931 (emphasis added and footnotes omitted).

2

been ordered without the ensuing district-court proceedings."[6] The parties correctly agree that personal jurisdiction is a controlling question of law.[7]

***MX has not stated a substantial ground for difference of opinion.***

The second element of Section 1292(b) requires that the order involve "a controlling question of law as to which there is substantial ground for difference of opinion[.]"[8]

> The level of uncertainty required to find a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case. If proceedings that threaten to endure for several years depend on an initial question of jurisdiction, limitations, or the like, certification may be justified at a relatively low threshold of doubt.[9]

MX has not shown even "a relatively low threshold of doubt."[10] MX criticizes the Order on two grounds, saying (1) "[t]he Court misstated the facts alleged by both Alder [Holdings, LLC ('Alder')] and MX,"[11] and (2) "this Court made an argument that the principal-agent relationship between Northstar [Alarm Services, LLC ('NorthStar')] and MX Security was sufficient to show that MX Security purposefully directed its activities at Utah."[12]

The latter point mistakes a single tree for the forest. Contrary to MX's suggestion, its status as an agent for NorthStar—a Utah-based entity—was never stated to be, and is not considered, determinative of the jurisdictional question. Rather, the Order identified several facts showing "that MX purposefully directed its activities at Utah."[13]

> Specifically, MX: (1) holds itself out to the public as being NorthStar—an entity formed and headquartered in Utah; (2) is an agent of NorthStar and subject to

---

[6] *Id*. § 3930 (footnote omitted).

[7] Motion, *supra* note 2, at 4; Opposition, *supra* note 2, at 3.

[8] 28 U.S.C.A. § 1292(b).

[9] Wright & Miller, *supra* note 4, § 3930 (footnote omitted).

[10] *Id*.

[11] Motion, *supra* note 2, at 5.

[12] *Id*. at 6.

[13] Order, *supra* note 1, at 6.

3

NorthStar's control from Utah; (3) sends its sales representatives to Utah to receive instruction, training, and recognition regarding the sale of NorthStar's products and services (specifically to customers of competitors); (4) regularly sends customer account information to NorthStar in Utah; [(5)] has expressly agreed that its relationship and dealings with NorthStar are governed by Utah law; [(6)] intentionally engages in tortious activities outside of Utah aimed at damaging Alder in Utah; [(7)] knowingly makes deceptive telephone calls to Alder in Utah in furtherance of such activities; and [(8)] receives compensation from Utah for its actions. The harm resulting from MX's actions has been felt almost exclusively in Utah. Because this litigation is the result of Alder's injuries arising out of or related to MX's actions, MX has sufficient minimum contacts with Utah for jurisdictional purposes.[14]

MX takes issue with facts (1), (2), (3), and (7), saying as to (1), that Alder never asserted that MX "holds itself out to the public as being NorthStar";[15] as to (2), that "no evidence" "was ever presented" showing that "NorthStar controls MX";[16] as to (3), that "MX Security employees only have ever set foot in Utah twice, once when they came to Utah to hear a sales pitch from NorthStar (prior to selling any NorthStar products) and then to attend a door-to-door convention (at which point employees came and visited NorthStar offices to get a tour and receive an award)," and that "[n]either of these visits entailed regular training sessions in Utah";[17] and as to (7), that Alder never asserted "that MX Security made deceptive calls to Alder in Utah . . . ."[18]

However, even if facts (1), (2), (3), and (7) were all insufficiently supported (which is not true), the remaining facts (4), (5), (6), and (8) set forth in the Order have not been challenged. Absent any challenge to these other facts, and particularly to fact (6)—which referenced Utah-directed tortious activities consisting of far more than the alleged phone calls mentioned in fact

---

[14] *Id*. at 6-7 (footnotes omitted).

[15] Motion, *supra* note 2, at 5.

[16] *Id*.

[17] *Id*. at 6.

[18] *Id*.

4

(7)[19]—it cannot reasonably be said that the Order turned entirely, or even primarily, on the agency relationship between MX and NorthStar. Thus, the premise of MX's argument regarding the second element of Section 1292(b) is incorrect. Having misidentified the court's holding, MX has clearly not shown "there is substantial ground"[20] for disagreeing with it.

*A § 1292(b) appeal will not materially advance the litigation*

The third element of Section 1292(b) requires that "an immediate appeal . . . may materially advance the ultimate termination of the litigation . . . ."[21] To make this showing, a party may "identify any extended or expensive proceedings that might be avoided by immediate appeal . . . ."[22] It has been held that this showing is not made when, as here, a case involves more than one named defendant (or counterclaim defendant), and the order in question denies a motion to dismiss only one of them.[23] While a stronger showing regarding the second element of Section 1292(b) could well mitigate the showing necessary under the third element,[24] that circumstance is not presented here.

Based on the determinations above, it is unnecessary to address the need for a stay pending the requested appeal.

---

[19] Order, *supra* note 1, at 3-4.

[20] 28 U.S.C.A. § 1292(b).

[21] *Id*.

[22] *Icon Health & Fitness, Inc. v. Consumer Affairs.com*, No. 1:16-cv-00168-DBP, 2018 WL 2122855, *1-2 (D. Utah May 8, 2018).

[23] *Chas. Pfizer & Co. v. Laboratori Pro-Ter Prodotti Therapeutici S.p.A*., 278 F. Supp. 148, 154 (S.D.N.Y. 1967) (appeal would not "materially advance the ultimate termination of the litigation" where, "even if the action were to be dismissed as to" one defendant, "the case would still proceed against the remaining [two] defendants"); *Grimes v. Cirrus Industries, Inc.*, No. CIV-08-1222-D, 2010 WL 2541664, *4 (W.D. Okla. June 18, 2010) (reaching same conclusion based on similar reasoning).

[24] Wright & Miller, *supra* note 4, § 3930 (noting that the elements should be weighed and considered flexibly: "The advantages of immediate appeal increase with the probabilities of prompt reversal, the length of the district court proceedings saved by reversal of an erroneous ruling, and the substantiality of the burdens imposed on the parties by a wrong ruling.").

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[25] is DENIED.

SIGNED November 5, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[25] Docket no 81, filed July 8, 2019.